IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | * | |
| v. | * | Crim. Action No.: RDB-16-0207 |
| KADARI GHAZI-EL, a.k.a. ANTWONE N. PAYNE | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Defendant Kadari Ghazi-El, a.k.a. Antwone N. Payne[1], ("Defendant" or "Ghazi-El") has been charged in the District Court for Anne Arundel County, Maryland with two counts of False Statement to a Law Enforcement Officer, in violation of MD. CODE ANN., CRIM. LAW § 9-501, (Counts One and Two); one count of False Statement when Under Arrest, in violation of MD. CODE ANN., CRIM. LAW § 9-502, (Count Three); one count of common law Obstructing or Hindering an Officer (Count Four); and one count of Resisting or Interfering with Arrest, in violation of MD. CODE ANN., CRIM. LAW § 9-408(b) (Count Five)[2]. *See* Charge Information, Case No. D-07-CR-16-001375. Defendant's trial has been scheduled for May 19, 2016. However, on May 2, 2016, Defendant filed a "Legal Notice of Removal[3]" in this Court (ECF No. 1), pursuant to 28 U.S.C. §§ 1441-1446[4].

---

[1] Defendant objects that "Antwone N. Payne" is a "man-of-straw/misnomer word . . . an artificial – person/entity [name]" that the District Court of Maryland and law enforcement officials have called him, in violation of his status as a "Moorish American National." *See* Not. of Removal at 7-8.

[2] All of these charged offenses are misdemeanors under Maryland state law.

[3] Defendant filed his "Legal Notice of Removal" without the assistance of counsel. However, he claims that he is ". . . not to be confused with nor substituted with Pro Se." Not. of Removal at 1 (emphasis added).

[4] Although Defendant's filing is styled as a "Notice of Removal," he also requests that all charges against him be dismissed. Not. of Removal at 21. Additionally, he requests declaratory relief and monetary damages from several Maryland state agencies and officials, as discussed *infra*. However, this Court will not address the merits of these additional requests because, for the reasons stated herein, this case was improperly removed and will be remanded to the District Court for Anne Arundel County, Maryland.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1455(a):

A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1455(a). When a pending state criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "Removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a." Mem. Op. and Order, Crim. No. PWG-13-0413 (D. Md. Aug. 14, 2013) (Grimm, J.).

ANALYSIS

Defendant claims that he is an "Allodial Moorish American National Aboriginal and Indigenous Human-being, . . . Non Resident of MARYLAND/USA," "bound to the Zodiac Constitution and to the Moorish National Republic Federal Government. Not. of Removal, p. 1-2, ECF No. 1. Therefore, he contends that the District Court for Anne Arundel County, Maryland lacks "jurisdiction/venue" to prosecute him because "U.S.A. lawmakers have no jurisdiction over free Moors within . . . U.S.A./North America." *Id.* at 3, 9. However, Defendant provides little authority in support of his position. His "Legal Notice of Removal" is difficult to interpret and is primarily a collection of disjointed quotations

2

from the following documents: "The Treaty of Peace and Friendship of Eighteen Hundred and Thirty-Six (1836) A.D. between Morocco and the United States," the "Moorish American Zodiac Constitution," the "Charter of the United Nations; The Universal Declaration of Human Rights; And International Human Law," The United States Constitution, the Maryland State Constitution, and assorted state and federal court opinions. *See generally id.* Additionally, Defendant argues that the "United States Society 'Bar Association' Lawyers, Esquires, and Attorneys of European Colonial descent, and foreign corporation, cannot . . . sit in judgment of any Free Moor." *Id.* at 6.

For these reasons, Defendant requests that the District Court of Maryland "[d]ismiss the summons to appear for trial" and that "Rothenbecker, 1612," a law enforcement officer who arrested him on March 16, 2016, be "[r]emoved from [h]is fiduciary [d]uties" for harassment and failure to "respect [Defendant's] Moorish Nation/Religion/Ancesters." *Id.* at 3, 7. Defendant also requests that the "Divine Constitution and By-Laws of the Moorish Science Temple of America" be enforced, that the State of Maryland end its abuses of "Constitution/Treaties," that "the District Court of Maryland/Maryland State Bar Association, Inc. provide their Tax/EIN ID and proof contract, with Delegation of authority signed by congress in writing . . . so [Defendant] can inspect it," and that compensatory and punitive damages be assessed against various Maryland state agencies and officials. *Id.* at 19-21. Again, the only authority that Defendant offers in support of these requests is his own bald conclusions, coupled with block quotations from the documents identified *supra*.

Courts have consistently recognized " 'that . . . the Moorish American Nation . . . [is a] notorious organization[ ] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws.' " *Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *3 (E.D. Va. Mar. 3, 2015) (quoting *Abdullah v. New Jersey*, No. CIV.A. 12-4202 RBK, 2012 WL 2916738, at *5 (D.N.J. July 16, 2012)). Defendant fails to demonstrate that the statutes, cases, constitutions, and treaties he cites exempt him from the jurisdiction of the Maryland courts. He does not dispute that the events underlying his charged offenses occurred in Anne Arundel County, Maryland. Under Maryland's two-tiered trial court system, "[t]he District Court of Maryland has original jurisdiction in all misdemeanor cases, and certain designated felonies." *See, e.g., Stone v. State*, 685 A.2d 441, 444 (Md. 1996). Accordingly, the District Court for Anne Arundel County, Maryland has jurisdiction over the criminal charges in this case. There is no exception for members of the Moorish American Nation from the laws of the State of Maryland.

To the extent Defendant argues " 'that state courts lack jurisdiction to prosecute Moorish–Americans, that argument has been repeatedly rejected.' " *Supreme-El*, 2015 WL 1138246 at 17 (quoting *El v. Mayor of City of New York*, No. 13–CV–4079 (SLT)(CLP), 2014 WL 4954476, at *5 (E.D.N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14–CV–379–FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) ("courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship").

"Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ." *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012). Contrary to Defendant's assertions, his " 'purported status as a Moorish–American citizen does not enable him to violate . . . state laws without consequence.' " *El*, 2014 WL 4954476 at *5. Therefore, "the argument that a person is entitled to ignore the laws of the State of [Maryland] by claiming membership in the Moorish–American nation is without merit . . . ." *Id.* "[T]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Jones–El v. South Carolina*, No. 5:13–CV–01851, 2014 WL 958302, at *8 (D.S.C. March 11, 2014) (quoting *Smith ex rel Bey v. Kelly*, No. 12–CV–2319 (JS)(AKT), 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)); *see United States v. James*, 328 F.3d 953, 954 (7th Cir.2003) ("Laws of the United States apply to all persons within its borders.").

Although Defendant cites the "Universal Declaration of Human Rights," he fails to articulate how or why it exempts him from prosecution under Maryland law. *See, e.g., Bey v. Ohio*, No. 1:11–CV–01048, 2011 WL 4007719, at *2 (N.D. Ohio Sept. 9, 2011) (explaining that the " 'Universal Declaration of Humans Rights' " . . . and " 'Rights of Indigenous Peoples 1994' . . . are not recognized by United States courts as legally binding"). Additionally, Defendant cites the "Moorish American Zodiac Constitution" and the "Treaty of Peace and Friendship." Again, he fails to articulate how these acts entitle him to the relief he requests. Notwithstanding Defendant's personal adherence to the Zodiac Constitution and his belief that the Treaty of Peace and Friendship between Morocco and the United States deprives the state courts of jurisdiction over him, courts have soundly rejected these

claims. *See Headen–El v. Keller*, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) ("The fact that a group claiming to be 'Moorish Americans' has written documents that might support" the idea that the court lacks jurisdiction to prosecute and imprison them "does not establish a valid claim."). Furthermore, the "Moroccan–American Treaty of Peace and Friendship, ratified by President Andrew Jackson on January 28, 1837 . . . [, a]s its title indicates, is [a treaty] of 'Peace and Friendship' between the sovereign states of Morocco and the United States . . . . It does not contain language suggesting that the United States, or any state or territory therein, does not have jurisdiction over a person violating the law within its jurisdiction ." *Pitt–Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C. 2008); *see, e.g., Wilkerson v. Godzan*, No. 2: 14cv731–MHT, 2014 WL 5112085, at *3 (M.D. Ala. Oct. 10, 2014) (explaining that "court[s] lack [ ] subject matter jurisdiction to enforce '[t]he Zodiac Constitution' or the 'Treaties of Peace and Friendship' "); *Jones–El*, 2014 WL 958302, at *8 (rejecting habeas claims under the Zodiac Constitution and Treaty of Peace and Friendship as "completely frivolous, whether raised under § 2254, § 2241, or by way of civil complaint"); *El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 558 (D.N.J. 2007) (holding Treaty of Peace and Friendship has no impact on jurisdiction of courts).

For these reasons, Defendant has failed to establish a basis for removal of this action to federal court. His claims are conclusory, and courts have consistently rejected them. Furthermore, he fails to even mention the requirements for removal of a criminal action under 28 U.S.C. § 1455(a) and 28 U.S.C. §§ 1441 *et seq.*, discussed *supra*. *See Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)) (Remanding state criminal action where the Defendant

"ha[d] failed to comply with the pleading requirements or to show that he ha[d] been denied or cannot enforce a specified federal right in the state court respecting this prosecution."); s*ee also Maryland v. White*, No. JFM-09-3318, 2010 WL 325946, at *1 (D. Md. Jan. 20, 2010) ("Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections afforded to all criminal defendants."). "Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action." *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented)). Accordingly, this case is REMANDED to the District Court for Anne Arundel County, Maryland.

## CONCLUSION

For the foregoing reasons, it is this 11th day of May, 2016, ORDERED that:

1. This case be REMANDED to the District Court for Anne Arundel County, Maryland;
2. The Clerk of this Court transmit copies of this Memorandum Order to Counsel and the Parties; and
3. The Clerk of this Court close this case.

                                                  /S/
                                                  Richard D. Bennett
                                                  United States District Judge